VERMONT SUPERIOR COURT

Bennington Unit
207 South St
Bennington VT 05201
802-447-2700
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 25-SC-00884



| Stephen Maynus v. State of Vermont |
|---|

# ENTRY REGARDING MOTION

Title:        Motion to Dismiss  (Motion: 3)
Filer:        Alison L. T. Powers
Filed Date:   May 13, 2025

Defendant State of Vermont seeks to dismiss plaintiff Stephen Maynus' small claims complaint pursuant to Rule 4(f) of the Vermont Rules of Small Claims Procedure for lack of subject matter, or in the alternative, for failure to state a claim upon which relief can be granted or for improper venue pursuant to V.R.S.C.P. 4(g) and 13 and V.R.C.P. 12(b)(3). Plaintiff opposes.

Because the court finds that it lacks jurisdiction pursuant to V.R.S.C.P. 2 since the claims exceed $10,000, the motion is granted, and the matter is dismissed.[1]

Plaintiff seeks money damages from the State of Vermont based on his service in the Vermont National Guard. He asserts that he has not been paid monthly for a period of 26 months: "This is a series of small claims actions as each claim is discrete, consolidated, was not paid for MI&E during timeframe. Some months will be slightly greater than $2000 but I waive it down to $2000 per claim for the purposes of 32 V.S.A. § 932 Counts 1) Jul 2) Aug 3) Sep 4) Nov 5) Dec (2020) 6) Jan 7) Feb 8) Mar 9) Jun 10) Jul 11) Aug 12) Sep 13) Oct 14) Nov 15) Dec (2021) 16) Jan 17) Feb 18) Mar 19) Jun 20) Jul 21) Aug 22) Sep 23) Oct 24) Nov 25) Dec (2022). 26) Jan (2023)…." Amended Small Claims Complaint filed April 14, 2025.

The total claims exceed $50,000.

Small claims proceedings are controlled by the enabling legislation, 12 V.S.A. §5531, and the rules created by the Vermont Supreme Court. Jurisdiction is limited to claims for money damages not more than $10,000 and parties may not split a claim in excess of $10,000 into two or more claims to avoid the jurisdictional limit. V.R.S.C.P. 2. Claims such as plaintiff raises are more properly brought in the Civil Division. Small claims court is a forum for simple, informal, and inexpensive procedures to resolve disputes properly before it. V.R.S.C.P. 1 provides "[t]hese rules shall be construed to secure the simple, informal, and inexpensive disposition of every action subject to them." The rule is not for plaintiff's benefit alone. These claims are not simple and would not

---

[1] The court does not reach the other grounds raised by the defendant's motion.

Vermont Superior Court
Filed  06/09/25
Bennington Unit

benefit from the informal procedures applicable to small claims matters. All would benefit from such claims being decided in a different forum as provided under Vermont law and rules.

Plaintiff's attempt to bring multiple claims, each supposedly discrete and separate, must fail. All of the claims are based on the same basic set of facts.[2] For judicial economy and to avoid the prospect of inconsistent judgments, all should be heard together. The few specific differences regarding any particular month are outweighed by the overwhelming commonality of all other aspects of plaintiff's claims. Taken together, as they must be, these claims exceed the jurisdictional limit, and for that reason, the complaint must be dismissed.[3]

The motion is GRANTED.

The matter is dismissed.

**Signed electronically June 6, 2025 pursuant to V.R.E.F 9(d).**

_____
**David Barra**
**Superior Court Judge**

---

[2] The court does not reach the issue whether 32 V.S.A. §932 would reduce plaintiff's total claim to a maximum of $2000.
[3] The court also does not reach the issue of whether any of the claims are time-barred by the operation of 32 V.S.A. §932(b).